CALIFORNIA *v.* RIEGLER

No. A–659.   Decided February 5, 1981

JUSTICE REHNQUIST, Circuit Justice.

The applicant, the State of California, has asked me to stay the execution and enforcement of the judgment of the California Court of Appeal in *People* v. *Riegler,* 111 Cal. App. 3d 580, 168 Cal. Rptr. 816 (1980), pending the filing of a petition for writ of certiorari and a final determination of the case by this Court. Review is sought of the Court of Appeal's conclusion that the failure of law enforcement officers to obtain a search warrant in this case violated the Fourth Amendment and mandates a reversal of the respondent's conviction for possession of marihuana for sale.

The facts are not in dispute. On November 8, 1977, United States customs officials in New York City were alerted by specially trained police dogs of the possible presence of marihuana in two packages mailed from Germany to Merced, Cal. Pursuant to customs laws, officials of the Postal Serv-

ice and the Drug Enforcement Administration opened the packages and confirmed that they contained hashish. The packages were then resealed and sent to authorities in California. Postal authorities and local California officials arranged for a controlled delivery of the packages and obtained a search warrant authorizing them to enter the place of delivery and to search for and seize the packages and their contents. The packages were delivered, and in order to allow the occupants time to open the packages and exercise dominion and control over the contents, the police did not immediately execute the search warrant. Approximately 15 minutes after the packages were delivered, the respondent and two companions arrived by automobile at the residence and left almost immediately thereafter with the packages. While some police remained at the residence and executed the search warrant, others followed the respondent and his companions in the hopes that they would lead them to other suspects. Eventually, the police, fearful that they would lose the suspects in heavy traffic, stopped the automobile and arrested the respondent and his companions. The packages were in plain view in the back seat and were seized at the time of arrest. The packages were in the same condition as they were before the delivery to the home. They were transported to Merced that evening where they were photographed, opened, and inventoried. No second search warrant was obtained before the reopening of the packages. The hashish was still in the packages. The street value of the hashish was $100,000.

A majority of the California Court of Appeal held that the seizure by the police of the packages containing the hashish was valid but the subsequent reopening of the packages at the police station without a search warrant violated the Fourth Amendment. Its holding rested on this Court's decision in *United States* v. *Chadwick,* 433 U. S. 1 (1977), and its progeny, particularly *Walter* v. *United States,* 447 U. S. 649 (1980). Judge Andreen wrote separately concurring in the result but questioning the wisdom of the majority's opin-

ion and its rejection of the State's argument that the respondent had a lesser expectation of privacy because the packages had previously been subjected to a customs search and determined to contain contraband. Accordingly, the packages could move through the mail only by virtue of governmental authorization. Were it not for an earlier decision by a panel of that court which Judge Andreen considered controlling, he would hold that the packages were in the constructive possession of the law enforcement officers from the time of the opening of them in New York until the subsequent stop of the automobile. Three of the seven justices of the Supreme Court of California voted to grant a hearing at the request of the State.

There are three pertinent inquiries which are usually made in evaluating a request for stay of enforcement of an order of a state court: whether that order is predicated on federal as opposed to state grounds; whether the "balance of equities" militates in favor of the relief requested by the applicant; and whether it is likely that four Justices of this Court would vote to grant certiorari. I conclude here that each of these questions must be answered in the affirmative.

First, the decision of the California Court of Appeal is predicated on the Federal Constitution. The opinion refers specifically to the Fourth Amendment and relies for support on federal cases and state cases addressing the federal constitutional issue.

Second, the "balance of equities" favors the granting of the stay. The State argues that unless the requested stay is granted under present California law the case must either be set for retrial or dismissed. The State will therefore be denied the opportunity to have the Court of Appeal's decision reviewed by this Court. By contrast, the prejudice to the respondent is less. The State asserts without contradiction that respondent has been free on bail since his conviction.

Finally, I conclude that it is likely that four Justices of this Court will vote to grant certiorari. The case presents

important issues regarding the level of expectation of privacy a recipient of a package containing contraband sent through the international mails may have when the packages have previously been subjected to a *lawful* customs search and delivered under controlled conditions and constant surveillance. None of our prior cases have directly addressed this oft recurring situation and certainly none of the three opinions in *Walter* v. *United States, supra,* provides a ready answer. In my opinion, the case presents issues which are of sufficient importance that four Justices of this Court would likely vote to grant the State's petition for certiorari.

The request for a stay of the judgment of the California Court of Appeal pending consideration of a timely petition for certiorari by the applicant is granted, to remain in effect until disposition of the petition for certiorari. If the petition is granted, the stay is to remain in effect until this Court decides the case or until this Court otherwise orders.